**IN THE COURT OF APPEALS OF IOWA**

No. 15-0243
Filed August 5, 2015

**TAYLOR INDUSTRIES, INC., a/k/a**
**HUSSMANN CORPORATION, and**
**INDEMNITY INSURANCE COMPANY**
**OF NORTH AMERICA,**
        Petitioners-Appellants,

**vs.**

**BRENT LEPLEY,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Dennis J. Stovall,

Judge.


        An employer appeals the district court's denial of its petition for judicial

review.  **AFFIRMED.**


        Timothy W. Wegman and Joseph M. Barron of Peddicord, Wharton,

Spencer, Hook, Barron & Wegman, L.L.P. West Des Moines, for appellants.

        Tom L. Drew of Drew Law Firm, P.C., Des Moines, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Taylor Industries, Inc., a/k/a Hussmann Corporation, and Indemnity Insurance Company of North America (the employer) appeal the district court's judicial review ruling arising out of Brent Lepley's workers' compensation claim. Lepley sustained an injury on July 31, 2012, while working for the employer. The initial treatment was to Lepley's left shoulder; however, several weeks later, Lepley began complaining of pain in his right shoulder as well. The employer denied liability for the right shoulder injury, and the matter proceeded to a workers' compensation hearing. The deputy commissioner determined Lepley's right shoulder condition was not work related. On intraagency appeal, another deputy commissioner, hearing the appeal by designation of the commissioner, reversed this decision, concluding Lepley carried his burden to prove his right shoulder injury was causally related to the work injury, either through an acute injury on July 31, 2012, or through overuse as a result of the left shoulder injury. Because Lepley was not at maximum medical improvement for either shoulder injury, the employer was ordered to pay for past and future treatment for both shoulders.

The employer filed a petition for judicial review with the district court, challenging the evidence supporting the finding of causation for the right shoulder injury. The district court upheld the agency's decision under a substantial evidence review pursuant to Iowa Code section 17A.19(10)(f) (2011). On appeal from the district court's decision, the employer again challenges the substantial

evidence supporting the causation decision of the agency with respect to Lepley's right shoulder injury.

The district court correctly analyzed both the applicable law on judicial review and the facts of this case. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012) ("A district court acts in an appellate capacity when it exercises its judicial review power. When reviewing a district court's decision 'we apply the standards of chapter 17A to determine whether the conclusions we reach are the same as those of the district court. If they are the same, we affirm; otherwise, we reverse.'" (citation omitted)). Because we reach the same result as the district court—that substantial evidence supports the agency's finding of causation with respect to the right shoulder injury—we affirm the district court's judicial review decision by summary opinion pursuant to Iowa Court Rule 21.26(1)(b), (d), and (e).

**AFFIRMED.**